IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SELENA JEAN COOPER BUTT,**

    **Plaintiff,**

                                            Case No. 2:18-cv-383
                                            Judge Algenon L. Marbley
    v.                                        Magistrate Judge Chelsey M. Vascura

**JEFFERSON B. SESSIONS, III,**
*United States Attorney General*, **et al.,**

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff was previously ordered to show cause why the Court should not dismiss this action as against Defendants for failure to timely effect service under Federal Rule of Civil Procedure 4(m). (ECF No. 14.) In Response to the Show Cause Order, Plaintiff asserted that the Summons to Defendant Jefferson Sessions, III, was returned executed on June 19, 2018, and requested a one-month extension of time to obtain service over Defendant Kirstjen Nielson. (ECF No. 17.) The Court granted Plaintiff's request for an extension and ordered Plaintiff to effect service over Defendant Nielson on or before October 20, 2018. (ECF No. 18.)

To date, Plaintiff has not perfected service over either Defendant Sessions or Defendant Nielson under Federal Rule of Civil Procedure 4(i). Rule 4(i) provides the proper procedure for effecting service when a United States Officer is sued in his official capacity, providing in pertinent part as follows:

(1) *United States.* To serve the United States a party must*:*

    (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United

> States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

Fed. R. Civ. P. 4(i). Although Plaintiff served Defendant Sessions, she failed to serve the United States Attorney for this district with a copy of the Summons and Complaint as required by Rule 4(i)(1)(A). Plaintiff also failed to effect service over Defendant Nielson, as she has not served Defendant Nielson or the United States Attorney for this district with a copy of the Summons and the Complaint as required by Rules 4(i)(1)(A), 4(i)(1)(C), and 4(i)(2).

Plaintiff was previously cautioned that failure to perfect service over Defendants would result in this action being dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m). (ECF No. 14.) It is therefore **RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4(m) for failure to timely effect service.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo*

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

 /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE