# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

SELENA JEAN COOPER BUTT, *ex rel*
Q.T.R.,

               Plaintiff,       :      Case No. 2:18-cv-383

   - vs -                                  Judge Sarah D. Morrison
                                        Magistrate Judge Chelsey M. Vascura

JEFFERSON B. SESSIONS, III, *et al.*,

               Defendants.

## **OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim (ECF No. 24). Plaintiff did not file a response. For the reasons set forth below, Defendants' Motion is hereby **GRANTED.**

**I.    BACKGROUND**

Plaintiff initiated this matter on April 25, 2018, alleging violations of his constitutional rights and violations of certain treaties. (ECF No. 1, amended at ECF No. 3). According to the Amended Complaint, Plaintiff's father is a Pakastani citizen who had been a legal permanent resident of the United States before being removed to Pakistan pursuant to an order of the Immigration Court in Cleveland, Ohio. (*Id*. at ¶ 5). Plaintiff is a minor so he brought the action through his next friend and guardian.

Plaintiff alleges that the removal of his father violates his rights under the Equal Protection Clause (*Id*. at ¶¶ 6, 7, 10, 12), the Ninth Amendment to the United States Constitution (*Id*. at ¶ 14), the Due Process Clause (*Id*. at ¶¶ 14, 15), and the principles of various international treaties (*Id*. at ¶ 16). Defendants move to dismiss the Amended Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 24).

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(1), an action may be dismissed for lack of subject matter jurisdiction. "Plaintiffs have the burden of proving jurisdiction in order to survive a Rule 12(b)(1) motion . . . ." *Weaver v. Univ. of Cincinnati*, 758 F. Supp. 446, 448 (S.D. Ohio 1991) (citing *Moir v. Greater Cleveland Reg'l. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990)); *see also Rapier v. Union City Non-Ferrous, Inc.*, 197 F. Supp. 2d 1008, 1012 (S.D. Ohio 2002) ("The plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction."). Moreover, this Court may resolve any factual disputes when adjudicating a defendant's jurisdictional challenge. *See Moir*, 895 F.2d at 269.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts have subject matter jurisdiction in civil actions only if: 1) the action arises under federal law, 28 U.S.C. § 1331 (federal-question jurisdiction); or 2) the action is between citizens of different states where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332 (diversity jurisdiction).

In contrast, Rule 12(b)(6) challenges the legal sufficiency of the allegations in the complaint. A claim survives a motion to dismiss pursuant to Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). A court must also "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In doing so, however, a plaintiff must provide "more than labels and conclusions, and a

formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## III. ANALYSIS

### A. The Court is without subject matter jurisdiction over claims brought under international treaties.

Defendants first argue that the Court is without subject matter jurisdiction over some of the claims alleged in the Amended Complaint. In paragraph 16 of the Amended Complaint, Plaintiff alleges that his separation from his father violates the "principals of international treaties." (ECF No. 3). However, treaties are not self-executing and, as such, are not judicially enforceable. *See Thap v. Mukasey*, 544 F.3d 674, 676 (6th Cir. 2008). To become judicially enforceable, legislation must be enacted to carry out the details and intent of the treaties. Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's claims of violations of international treaties.

### B. Plaintiff has failed to state any cognizable claim.

While the Court has subject matter jurisdiction over Plaintiff's remaining claims, all of which allege constitutional violations, Plaintiff has not alleged any set of facts in support of his claims that would entitle him to relief. This is because the law is well-settled that lawfully removing a parent from the United States does not deprive a United States citizen child of a constitutional right. *Hernandez-Lara v. Holder,* 563 Fed. Appx. 401, 403 (6th Cir. 2014) (citing *Newton v. I.N.S.,* 736 F.2d 336, 343 (6th Cir. 1984)); *see also Payne–Barahona v. Gonzales,* 474 F.3d 1, 2 (1st Cir. 2007); *Oforji v. Ashcroft,* 354 F.3d 609, 618 (7th Cir. 2003), *Urbano de Malaluan v. I.N.S.,* 577 F.2d 589, 594 (9th Cir. 1978), *Perdido v. I.N.S.,* 420 F.2d 1179, 1181 (5th Cir. 1969); *Coleman v. United States*, 454 F. Supp. 2d 757, 767 n.11 (N.D. Ill. 2006) (comprehensively surveying case law that does not recognize a constitutional violation when U.S. citizens' parents are removed).

The result is the same whether the child's claims are brought under the Equal Protection Clause, the Due Process Clause, or the Ninth Amendment. As the Sixth Circuit has repeatedly observed, to conclude otherwise "would create a substantial loophole in the immigration laws, allowing all deportable aliens to remain in this country if they bear children here." *Hernandez-Lara*, 563 Fed. Appx. at 403 (internal quotations omitted).

Accordingly, Defendants' Motion is **GRANTED** as to Plaintiff's remaining claims.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss for Lack of Jurisdiction and Failure to State a Claim is **GRANTED** (ECF No. 24) and Plaintiff's Amended Complaint is **DISMISSED**. The Clerk is **DIRECTED** to **ENTER JUDGMENT** accordingly and terminate this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

    /s/ Sarah D. Morrison
SARAH D. MORRISON
UNITED STATES DISTRICT JUDGE